**McGLINCHEY STAFFORD**
Brian A. Paino (SBN 251243)
Yaron Shaham (SBN 217192)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone: (949) 381-5900
Facsimile: (949) 271-4040
Email: bpaino@mcglinchey.com
yshaham@mcglinchey.com

Attorneys for *Defendant* **HSBC BANK USA, NATIONAL ASSOCIATION TRUSTEE FOR DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2007-OA2 MORTGAGE PASS-THROUGH CERTIFICATE (erroneously sued as HSBC Bank USA, N.A. as Trustee for the HSBC Bank Series 2007-OA2 (CE))**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| CONCEPCION BLAS,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK USA, N.A. AS TRUSTEE FOR THE HSBC BANK SERIES 2007-OA2 (CE); WESTERN PROGRESSIVE, LLC; and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.: 5:16-cv-05432-EJD<br><br>Hon. Edward J. Davila<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[*Filed concurrently with Request for Judicial Notice, and [Proposed] Order*]<br><br>**<u>Hearing</u>:**<br>Date: April 20, 2017<br>Time: 9:00 a.m.<br>Ctrm: 4, 5th Floor |

**TO THE HONORABLE EDWARD J. DAVILA, UNITED STATES DISTRICT COURT JUDGE, PLAINTIFF, HIS COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on April 20, 2017, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Edward J. Davila in Courtroom 4, on the 5th Floor of the above-entitled court, located at 280 South 1st Street, San Jose, CA 95113, Defendant HSBC BANK USA, NATIONAL ASSOCIATION TRUSTEE FOR DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2007-OA2 MORTGAGE PASS-THROUGH CERTIFICATE ("HSBC") will, and hereby does, move this Court for an order granting judgment on

the pleadings in its favor and against Plaintiff Concepcion Blas ("Plaintiff") as to all causes of action alleged in Plaintiff's Complaint in this action. This motion (the "Motion") is made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the ground that the Complaint fails to state a claim upon which relief can be granted and, thus, HSBC is entitled to judgment as a matter of law. If for any reason the Court determines HSBC is not entitled to judgment as to the entire Complaint, HSBC requests judgment as to each of the claims enumerated in the Complaint that are determined to be legally and factually deficient

The Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, and [Proposed] Order filed concurrently herewith, the pleadings and papers on file herein, and on such further written submissions or oral argument as may be presented at or before the hearing on the Motion.

DATED: October 19, 2016

**McGLINCHEY STAFFORD**

By: */s/ Yaron Shaham*
YARON SHAHAM
BRIAN A. PAINO
Attorneys for *Defendant* **HSBC BANK USA, NATIONAL ASSOCIATION TRUSTEE FOR DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2007-OA2 MORTGAGE PASS-THROUGH CERTIFICATE (erroneously sued as HSBC Bank USA, N.A. as Trustee for the HSBC Bank Series 2007-OA2 (CE))**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Concepcion Blas ("Plaintiff") alleges in his Complaint he is the lawful owner of the real property located at 430 Hannon Avenue, Monterey, CA 93940 (the "Subject Property"). In light of Plaintiff's default on his loan, a non-judicial foreclosure process was initiated. Within his Complaint, Plaintiff alleges HSBC BANK USA, NATIONAL ASSOCIATION TRUSTEE FOR DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2007-OA2 MORTGAGE PASS-THROUGH CERTIFICATE ("HSBC") violated the law by proceeding with an unlawful non-judicial foreclosure process even though he was trying to obtain a loan modification. Based on the allegations in Plaintiff's Complaint, he is seeking to recover equitable relief and monetary damages.

Plaintiff's Wrongful Foreclosure claim fails because a borrower lacks standing to challenge the validity of an assignment of a trust deed, and HSBC has standing to be involved in the non-judicial foreclosure process. Plaintiff's Quiet Title claim fails because he has not alleged the ability to tender and he lacks standing to challenge the assignment of the Loan.

For these reasons, as explained more fully herein, the Complaint should be dismissed. Since amendment would be futile, the dismissal should be with prejudice.

## II. FACTUAL BACKGROUND

### A. THE LOAN

On or about January 17, 2007, Plaintiff obtained a mortgage loan (the "Loan") from Citimutual Corporation dba Citymutual Financial ("Citimutual") in the original principal sum of $424,000.00, which was reflected in a promissory note (the "Note") secured by a deed of trust (the "Deed of Trust") encumbering the Property. (HSBC's Request for Judicial Notice ("RJN"), Ex. 1).

An Assignment of Deed of Trust (the "Assignment") was recorded with the Monterey County Recorder's Office on March 31, 2014 where the beneficial interest in the Deed of Trust was assigned to HSBC. (RJN, Ex. 2).

///

///

On May 7, 2015, a Corporate Assignment of Deed of Trust was recorded with the Monterey County Recorder's Office on October 28, 2005 "to correct the assignor and county on the assignment recorded on 3/31/2014". (RJN, Ex. 3.)

Defendant Western Progressive, LLC was appointed as the substitute trustee under the Deed of Trust on July 15, 2015, pursuant to a Substitution of Trustee (the "SOT"). (RJN, Ex. 4).

### B. THE FORECLOSURE PROCEEDINGS

As a result of Plaintiff's default under the Loan, on August 11, 2015, Western Progressive caused a Notice of Default and Election to Sell Under Deed of Trust (the "NOD") to be recorded against the Property. (RJN, Ex. 5). Following Plaintiff's failure to cure the default referenced in the NOD, on December 21, 2015, a Notice of Trustee's Sale (the "NOS") was recorded against the Property. (RJN., Ex. 6). According to the NOS, the estimated amount of unpaid balance and other charges for the Loan is $464,064.14. (Id).

### C. THE CURRENT LAWSUIT

On August 23, 2016, Plaintiff commenced this action by filing their aforementioned Complaint with the Monterey County Superior Court. On September 22, 2016, HSBC caused this action to be removed to the United States District Court, Northern District of California. On September 26, 2016, HSBC filed its Answer in response to Plaintiff's Complaint.

## III. LEGAL AUTHORITY

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law." *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003); *see also Stanley v. Trs. of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006). In addition to considering the allegations of the complaint, the court may also take into account materials to which it can take judicial notice. *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981, n.18 (9th Cir. 1999).

A motion under Rule 12(c) is virtually identical to a motion under Rule 12(b)(6) and the same standard applies to both motions. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192

(9th Cir. 1989) (holding that Rule 12(c) and Rule 12(b)(6) motions differ in time of filing but are otherwise "functionally identical," and applying the same standard of review). Thus, to survive a motion under Rule 12(c), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *See Iqbal*, 556 U.S. at 679.

## IV. ANALYSIS

### A. PLAINTIFF'S WRONGFUL FORECLOSURE CLAIM FAILS

Plaintiff's Wrongful Foreclosure claim is based on the frequently employed foreclosure defense theory of improper securitization. According to Plaintiff, the Assignment evidences that the Loan was not sold to the Trust prior to its 2007 closing date. (Complaint, ¶12). He bases his conclusion on the fact the Assignment was executed after 2007. Before turning its focus to the substantive issues with this argument, HSBC address certain procedural issues.

#### 1. Procedural Issues

It is not clear how the untimely transfer of the Deed of Trust affects Plaintiff in any way since he is indisputably in substantial default under the Loan. Assuming arguendo that the Deed of Trust was not timely transferred to the Trust (it was), the affected parties would be the assignor and assignee, not Plaintiff. Plaintiff would remain indebted and subject to losing the Property due to his default irrespective of the validity of the transfer. For this very reason, courts have routinely recognized that a borrower lacks standing to challenge the validity of an assignment of a trust deed.

*See Diunugala v. JP Morgan Chase Bank, N.A.*, 2013 WL 5568737, at *8 (S.D. Cal. 2013) (citing authorities); *Siliga v. Mortgage Elec. Registration Sys., Inc.*, 219 Cal.App.4th 75, 85, 161 Cal.Rptr.3d 500, 508 (2013). Moreover, courts have recognized that a plaintiff cannot maintain a claim for wrongful foreclosure based on an allegedly invalid assignment absent some prejudice. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272, 129 Cal.Rptr.3d 467 (2011) (to recover on a wrongful foreclosure claim, a borrower must demonstrate that the alleged imperfection in the foreclosure process was prejudicial; no prejudice exists where the borrower was in default and the assignment of the loan did not interfere with the borrower's ability to pay). Because Plaintiff has not suffered any prejudice by virtue of the Assignment, he lacks standing to challenge its validity.

**2. Substantive Issues – The Deed of Trust Follows the Note**

In addition to being procedurally defective, Plaintiff's Wrongful Foreclosure claim is premised on a fundamental misunderstanding of the law. It is well settled in California that the transfer of a promissory note carries with it the security, without any formal assignment. *See Henley v. Hotaling*, 41 Cal. 22, 28 (1871); *Seidell v. Tuxedo Land Co.*, 216 Cal. 165, 170 (1932); Cal. Civ. Code § 2936. For this reason, Plaintiff's focus on the transfer of the Deed of Trust is misguided. Put simply, if the Note was transferred to the Trust, so, too, was the Deed of Trust. Significantly, Plaintiff admits that the Note was sold to the Trust. (Complaint, ¶ 11). As a consequence, the validity of the Assignment is immaterial to HSBC's standing. *See In re Macklin*, 495 B.R. 8, 13 (Bankr. E.D. Cal. 2013) ("[T]he execution or recording of [an assignment of deed of trust]…does not dictate when Defendant acquired the Note or whether it was entitled to enforce the Note and the Deed of Trust."). By virtue of the sale of the Note to the Trust, HSBC is necessarily entitled to enforce the Deed of Trust as a matter of law, without any formal assignment of the instrument. *See Haynes v. EMC Mortgage Corp.*, 205 Cal.App.4th 329, 336, 140 Cal.Rptr.3d 32, 37 (2012) ("[W]here a deed of trust is involved, the trustee may initiate foreclosure irrespective of whether an assignment of the beneficial interest is recorded.").

**3. Substantive Issues – The Allegations Are Insufficient**

Notwithstanding his admission that the Note was sold to the Trust, Plaintiff contends that the Deed of Trust was not until it was too late. (Complaint, ¶¶ 14, 15). As noted above, this argument

ignores the well settled principle that the security follows the note. Compounding this error, Plaintiff fails to acknowledge the requirements for initiating a nonjudicial foreclosure sale under California law. Section 2924 of the California Civil Code provides a "comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust." *Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 134 Cal.Rptr.3d 622 (2011). Importantly, Cal. Civ. Code § 2924 does not require the party initiating foreclosure proceedings to have a beneficial or economic interest in the note in order to foreclose. *Debrunner v. Deutsche Bank Nat. Trust Co.*, 204 Cal.App.4th 433, 441, 138 Cal.Rptr.3d 830, 836 (2012). Instead, a trustee, mortgagee, or beneficiary, or any of their authorized agents may commence the nonjudicial foreclosure process. Id.; see also Cal. Civ. Code, § 2924(a)(1). By focusing on HSBC's status as the record beneficiary of the Deed of Trust, Plaintiff loses sight of the broader scope of California's nonjudicial foreclosure scheme. In order to demonstrate HSBC lacked standing to foreclose, Plaintiff must allege sufficient facts to establish HSBC was not a trustee, mortgagee, beneficiary, or any of their authorized agent. He has not met this burden.

**4. <u>California Civil Code § 2924(a)(6) Was Not Violated</u>**

Section 2924(a)(6) of the California Civil Code precludes an entity from recording a notice of default or otherwise initiating foreclosure proceedings unless "it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest." Cal. Civ. Code § 2924(a)(6). Plaintiff alleges HSBC violated section 2924(a)(6) because it was not authorized to initiate foreclosure proceedings. (Complaint, ¶26). This contention is premised on Plaintiff's erroneous theory that the Note and Deed of Trust were split. As discussed herein, the Deed of Trust followed the Note, without any formal assignment. Since HSBC is entitled to enforce the Note, it is necessarily entitled to enforce the Deed of Trust. It follows HSBC is the "holder of the beneficial interest under a deed of trust" for purposes of section 2924(a)(6). The record reflects HSBC, in its capacity as beneficiary, appointed Western Progressive as the substitute trustee under the Deed of Trust pursuant to the SOT, thereby conferring standing on Western Progressive under section 2924(a)(6). (RJN, Ex. 4). Because Western Progressive is the entity that initiated foreclosure

proceedings, the proceedings did not violate section 2924(a)(6). Regardless, Plaintiff is precluded from challenging HSBC's compliance with section 2924(a)(6). *See Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 515, 156 Cal.Rptr.3d 912, 925 (2013) (concluding that a borrower lacks standing to challenge transfer of loan).

For all the foregoing reasons, the Complaint fails to state a claim for Wrongful Foreclosure, and the Motion should be granted without leave to amend.

**B. <u>PLAINTIFF'S QUIET TITLE CLAIM FAILS</u>**

The purpose of a quiet title action is to finally settle and determine the parties' conflicting claims to property and to obtain a declaration of the interest of each party. *See Newman v. Cornelius*, 3 Cal.App.3d 279, 284 (1970). In an action to quiet title, the quiet title claimant has the burden of proof to show every element of the right claimed. *See Tulare Dist. v. Lindsay-Strathmore Dist.*, 3 Cal.2d 489, 548 (1935). For a trustor to quiet title against a secured lender, he must first pay the outstanding debt on which the deed of trust is based. *See Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 86 (2013). "This rule is based upon the equitable principle that he who seeks equity must do equity." *Mix v. Sodd*, 126 Cal.App.3d 386, 390 (1981).

As an initial matter, Plaintiff's quiet title claim fails due to his failure to make a valid offer to tender the amounts due on the Loan. Furthermore, Plaintiff's claim is substantively defective to the extent that it is based on purported defects in the assignment of the Loan to the Trust. This is because Plaintiff lacks standing to challenge the assignment of the Loan. Although the California Supreme Court recently held that a borrower has standing to sue for wrongful foreclosure where a purported defect in the assignment of his loan renders the assignment void, it expressly limited its ruling to *post*-foreclosure actions. *See Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919, 942-43 (2016); *see also Saterbak v. JP Morgan Chase Bank, N.A.*, 199 Cal.Rptr.3d 790, 795-96 (2016) (holding that *Yvanova* does not extend to pre-foreclosure challenges). Because this litigation concerns a pre-foreclosure challenge to HSBC's ability to enforce the terms of the Loan, Plaintiff lacks standing even under *Yvanova*.

For all the foregoing reasons, the Complaint fails to state a claim for Wrongful Foreclosure, and the Motion should be granted without leave to amend.

## V. CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint should be dismissed and judgment should be entered in favor of HSBC. Since amendment would be futile, the dismissal should be with prejudice.

DATED: October 19, 2016

**McGLINCHEY STAFFORD**

By: */s/ Yaron Shaham*
YARON SHAHAM
BRIAN A. PAINO
Attorneys for *Defendant* **HSBC BANK USA, NATIONAL ASSOCIATION TRUSTEE FOR DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2007-OA2 MORTGAGE PASS-THROUGH CERTIFICATE (erroneously sued as HSBC Bank USA, N.A. as Trustee for the HSBC Bank Series 2007-OA2 (CE))**

## PROOF OF SERVICE

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF ORANGE** )

I, Carol Rico, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18201 Von Karman Ave., Suite 350, Irvine, California 92612.

On October 19, 2016, I served the document(s) described as:

**(1) DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES;**

**(2) REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS; and**

**(3) [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

as follows:

☐ **BY MAIL**: As follows:

☐ **FEDERAL** – I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid,

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on October 19, 2016, at Irvine, California.

Carol Rico

**SERVICE LIST**
**USDC, Northern District Case No. 5:16-cv-05432-EJD**
**CONCEPCION BLAS v. HSBC BANK USA, N.A., et al.**
**File # 104938.1843**

| | |
|---|---|
| Clarisse Chung, Esq.<br>CROSSROADS LEGAL GROUP<br>800 W. El Camino Real, Suite 180<br>Mountain View, CA 94040 | Attorney for Plaintiff **CONCEPCION BLAS**<br><br>Tel.: (650) 332-4905<br>Email: Clarisse@crossroadslegalgroup.com<br>cc.yesklaw@gmail.com |
| Michael Yesk, Esq.<br>YESK LAW<br>70 Doray Drive, Suite 16<br>Pleasant Hill, CA 94523 | Attorney for Plaintiff **CONCEPCION BLAS**<br><br>Tel.: (925) 849-5525<br>Email: yesklaw@gmail.com<br>bl.yesklaw@gmail.com<br>cc.yesklaw@gmail.com |