Clarisse Chung (SB#260894)
Crossroads Legal Group
800 W. El Camino Real Ste 180
Mountain View, CA 94040
(650) 332-4905
clarisse@crossroadslegalgroup.com
Attorneys for Plaintiffs

Michael Yesk (SB#130056)
Yesk Law
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
(925) 849-5525
yesklaw@gmail.com
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

CONCEPCION BLAS,

Plaintiff,

v.

HSBC BANK USA, N.A. AS TRUSTEE FOR THE HSBC BANK SERIES 2007-OA2 (CE); WESTERN PROGRESSIVE, LLC; and DOES 1-10, INCLUSIVE,

Defendants.

Case No.: 5:16-cv-05432-EJD

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

Date: January 19, 2017
Time: 10:00 a.m.
Place: Courtroom 4, 5th Floor

Complaint Filed: August 23, 2016
Action Removal Date: September 22, 2016
Trial Date: Not assigned

Plaintiff CONCEPCION BLAS ("Plaintiff") and Defendant HSBC BANK USA, NATIONAL ASSOCIATION TRUSTEE FOR DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2007-OA2 MORTGAGE PASS-THROUGH CERTIFICATE ("HSBC" or "Defendant") (Plaintiff and HSBC collectively the "Parties"), hereby submit the following Joint Case Management Conference Statement.

1. Jurisdiction and Service

Plaintiff filed his complaint in the Monterey County Superior Court on August 23, 2016. Defendant removed this action to federal court on September 22, 2016 on the basis of diversity jurisdiction.

2. Facts

***Plaintiff's Statement***

On or around August 31, 2006, Plaintiff took out a loan with Citimutual Corporation ("Citimutual"), evidenced by a Promissory Note ("Note") and a Deed of Trust ("DOT") secured against the Subject Property. The DOT listed Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and beneficiary.

Shortly thereafter, on or around 2007, Plaintiff alleges on information and belief that Citimutual purported to sell Plaintiff's Note and DOT to a mortgage-backed securitized trust – the HSBC Bank Series 2007-OA2 (CE) ("HSBC 2007-OA2 Trust" or "Trust Pool"). Plaintiff alleges on information and belief that under the terms of the pooling and servicing agreement for the HSBC 2007-OA2 Trust, Citimutual was required to transfer Plaintiff's Note and DOT to the Trust Pool before the trust pool closed on or around 2007. Plaintiff further alleges on information and belief that as a tax-exempt real estate mortgage investment conduit ("REMIC") trust, all transfers of assets to the trust must have been made to the Trust Pool within ninety (90) days of the Trust Pool startup date in 2007. *See* I.R.C. § 860G.

Notwithstanding these express requirements under the Internal Revenue Code provisions and the Trust Pool PSA, Plaintiff alleges no assignment of his deed of trust to the Trust Pool was attempted until March 31, 2014, nearly *seven* years after the Trust Pool had closed. Plaintiff alleges on information and belief that the March 31, 2014 purported "Assignment of Deed of

Trust" was void as it was a transfer made in violation of the trust instrument governing the Trust Pool Plaintiff's mortgage was sold to and was also in violation of the Internal Revenue Code provisions governing REMIC trusts such as this one.

On or around 2015, Plaintiff fell into default on his loan. On or around August 11, 2015, Plaintiff alleges on information and belief that Defendants recorded a notice of default against the Subject Property, despite lacking the authority to do so. On or around December 21, 2015, Defendants recorded a notice of trustee's sale on the Subject Property.

Plaintiff alleges in his complaint that these foreclosure proceedings are unlawful and initiated against him by parties who did not and do not presently hold any beneficial interest in his Deed of Trust. Despite Citimutual's purported sale of Plaintiff's Note and Deed of Trust to the HSBC 2007-OA2 Trust in 2007, MERS (as nominee and beneficiary on behalf of Citimutual) did not transfer Plaintiff's mortgage to the Trust Pool before the Trust Pool closed in 2007. As such, Plaintiff alleges on information and belief that beneficial interest in his DOT resides in one of the intermediary parties to the securitization and not in HSBC as Trustee of the 2007-OA2 Trust as Plaintiff's mortgage was never validly transferred to the Trust Pool. HSBC therefore lacks standing to foreclose.

***Defendants' Statement***

Plaintiff alleges in his Complaint he is the lawful owner of the real property located at 430 Hannon Avenue, Monterey, CA 93940 (the "Subject Property"). In light of Plaintiff's default on his loan, a non-judicial foreclosure process was initiated. Within his Complaint, Plaintiff alleges HSBC violated the law by proceeding with an unlawful non-judicial foreclosure process even though he was trying to obtain a loan modification. Based on the allegations in Plaintiff's Complaint, he is seeking to recover equitable relief and monetary damages.

On or about January 17, 2007, Plaintiff obtained a mortgage loan (the "Loan") from Citimutual Corporation dba Citymutual Financial ("Citimutual") in the original principal sum of $424,000.00, which was reflected in a promissory note (the "Note") secured by a deed of trust (the "Deed of Trust") encumbering the Property.

An Assignment of Deed of Trust (the "Assignment") was recorded with the Monterey County Recorder's Office on March 31, 2014 where the beneficial interest in the Deed of Trust was assigned to HSBC.

On May 7, 2015, a Corporate Assignment of Deed of Trust was recorded with the Monterey County Recorder's Office on October 28, 2005 "to correct the assignor and county on the assignment recorded on 3/31/2014".

Co-Defendant Western Progressive, LLC was appointed as the substitute trustee under the Deed of Trust on July 15, 2015, pursuant to a Substitution of Trustee (the "SOT").

As a result of Plaintiff's default under the Loan, on August 11, 2015, Western Progressive caused a Notice of Default and Election to Sell Under Deed of Trust (the "NOD") to be recorded against the Property. Following Plaintiff's failure to cure the default referenced in the NOD, on December 21, 2015, a Notice of Trustee's Sale (the "NOS") was recorded against the Property. According to the NOS, the estimated amount of unpaid balance and other charges for the Loan is $464,064.14. (Id).

On August 23, 2016, Plaintiff commenced this action by filing his aforementioned Complaint with the Monterey County Superior Court. On September 22, 2016, HSBC caused this action to be removed to the United States District Court, Northern District of California. On September 26, 2016, HSBC filed its Answer in response to Plaintiff's Complaint. HSBC's Motion for Judgment on the Pleadings is set for hearing on April 20, 2017.

3. <u>Legal Issues</u>

***Plaintiff's Statement***

Plaintiff brings an action for wrongful foreclosure based on Defendants' lack of standing to initiate foreclosure proceedings against Plaintiff. Plaintiff alleges that Defendants base their right to foreclose on a void assignment of deed of trust, in which Defendant HSBC as Trustee of the Trust Pool attempted to receive the mortgage into the Trust more than seven years after the Trust Pool had closed.

***Defendants' Statement***

Plaintiff's Complaint contains claims for Wrongful Foreclosure and Quiet Title. Plaintiff's

Wrongful Foreclosure claim fails because a borrower lacks standing to challenge the validity of an assignment of a trust deed, and HSBC has standing to be involved in the non-judicial foreclosure process. Plaintiff's Quiet Title claim fails because he has not alleged the ability to tender and he lacks standing to challenge the assignment of the Loan.

4. Motions

On October 19, 2016, HSBC filed a motion for judgment on the pleadings. The hearing date on this motion is set for April 20, 2017 and Plaintiff's response is due on March 30, 2017.

5. Amendment of Pleadings

There have been no amendments to the pleadings.

6. Evidence Preservation

The Parties certify they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and they have met and conferred pursuant to FRCP 26(f).

7. Disclosures

The Parties have agreed to serve their initial disclosures per FRCP 26 on or before January 18, 2017.

8. Discovery

To date, neither party has propounded discovery upon the other.

The Parties believe discovery efforts will entail Requests for Admissions, Special Interrogatories, and Requests for Production of Documents. Further, the Parties may need to take depositions of the parties to this lawsuit and possible third parties.

The Parties do not foresee any proposed limitations or modifications of the discovery rules.

The Parties have not considered entering into a stipulated e-discovery order.

9. Class Actions

This case is not a class action lawsuit.

10. Related Cases

There are no pending, related cases.

11. Relief

Plaintiff seeks a judgment declaring that HSBC is liable for wrongful foreclosure and quiet

title. Plaintiff also seeks damages according to proof at trial and all costs of suit and attorneys' fees.

12. Settlement and ADR

The Parties have already participated in two ADR Phone Conferences. The Parties are also discussing settlement in the form of a loan modification HSBC may provide to Plaintiff.

13. Consent to Magistrate Judge for All Purposes

Plaintiff filed a declination to proceed before a magistrate judge. HSBC prefers the matter proceed before the Honorable Edward J. Davila.

14. Other References

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

There is no need to narrow the issues at this time.

16. Expedited Schedule

The Parties do not seek an expedited schedule.

17. Scheduling

Designation of experts – June 1, 2018

Discovery Cut-off – August 1, 2018

Deadline for hearing dispositive motions – September 20, 2018

Pretrial Conference – October 25, 2018

Trial – November 6, 2018

18. Trial

If a trial is necessary, Plaintiff anticipates that a trial will run approximately 3-5 days. HSBC anticipates the trial to run approximately 2- 4 days. Plaintiff will seek a jury trial. HSBC will seek a bench trial.

19. Disclosure of Non-Party Interested Entities or Persons

***Plaintiff's Statement***

Plaintiff discloses that the following entities have a direct, pecuniary interest in the

outcome of the proceeding:

- Plaintiff CONCEPCION BLAS is a party to this action.

***Defendant's Statement***

HSBC is a party to this action. HSBC is the principal subsidiary of HSBC USA, Inc., an indirect, wholly-owned subsidiary of HSBC North America Holdings Inc.

20. Professional Conduct.

The attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Such Other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter.

The Parties have not identified other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: January 12, 2017

**CROSSROADS LEGAL GROUP**
**YESK LAW**

By: /s/ Clarisse Chung
Clarisse Chung
Attorneys for Plaintiff
CONCEPCION BLAS

Dated: January 12, 2017

**McGLINCHEY STAFFORD**

By: /s/ Yaron Shaham
Yaron Shaham
Attorneys for Defendant
HSBC BANK USA, N.A. AS TRUSTEE FOR THE HSBC BANK SERIES 2007-OA2 (CE); WESTERN PROGRESSIVE, LLC